IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01032-WDM-MJW

CAROL S. STERNS,

    Plaintiff,

v.

DILLARD'S INC.,

    Defendant.

## ORDER OF REMAND

Miller, J.

This case is before me on the notice of removal filed by Defendant. Defendant removed this case to this Court on May 17, 2007, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. However, because Defendant has failed to demonstrate that the amount in controversy in this case exceeds $75,000, I cannot find that the requirements of diversity jurisdiction are met.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290. Where the plaintiff's complaint does not specify damages, the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal

notice" *id.* (citations omitted; emphasis in the original), and the party requesting removal must establish the jurisdictional amount by at least a preponderance of the evidence. *Id.*

In this case, Defendant first relies upon the complaint itself to establish the amount in controversy. Specifically, Defendant's alleges that the requisite amount is established "[b]ased upon the face of the Complaint, including *inter alia*, claims for past and future medical and rehabilitative expenses, pain and suffering, and costs and expenses." (Notice of Removal, Docket No. 1, at ¶ 6.) Plaintiff's complaint, however, does not specify an amount of damages claimed, and merely listing the various *types* of damages Plaintiff has claimed does nothing to demonstrate the *amount* of damages at issue in this case.

Defendant also claims that Plaintiff's District Court Civil (CV) Case Cover Sheet establishes the amount in controversy in this case. This is a form accompanying initial pleadings that requires a party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1 applies. Here, Plaintiff checked boxes indicating that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages." I decline to construe the checking of a box on a cover sheet form to be adequate to establish the amount in controversy under the applicable standards in this jurisdiction. *Accord Harding v. Sentinel Ins. Co.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007);

*Denchfield v. Waller*, 97 F.3d 1445 (1st Cir. 1996) (unpublished disposition).  Since no other facts or evidence are included in the notice of removal sufficient for me to find by a preponderance of the evidence that the requirements of section 1332 are met, remand is appropriate.

      Accordingly, it is ordered that this case is remanded to the District Court, El Paso County, Colorado.

      DATED at Denver, Colorado, on August 15, 2007.

                                    BY THE COURT:

                                    s/ Walker D. Miller  
                                    United States District Judge